UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION



FILED
APR - 5 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 4:17CR156 HEA/DDN |
| JEREMIAH A. GRAZIANO, ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT I
**(Counterfeiting Obligations or Securities of the United States)**

The Grand Jury charges that:

On or about March 11, 2017, within the Eastern District of Missouri, and elsewhere,

**JEREMIAH A. GRAZIANO,**

the defendant herein, with intent to defraud, did counterfeit an obligation of the United States, that is, a falsely made, forged and counterfeited twenty dollar Federal Reserve Note, Serial No. MK78776584F,

In violation of Title 18, United States Code, Section 471 and 2.

### COUNT II
**(Counterfeiting Obligations or Securities of the United States)**

The Grand Jury further charges that:

On or about March 11, 2017, within the Eastern District of Missouri, and elsewhere,

**JEREMIAH A. GRAZIANO,**

the defendant herein, with intent to defraud, did counterfeit an obligation of the United States, that is, a falsely made, forged and counterfeited twenty dollar Federal Reserve Note, Serial No. MK17415803E,

In violation of Title 18, United States Code, Section 471 and 2.

## COUNT III
### (Counterfeiting Obligations or Securities of the United States)

The Grand Jury further charges that:

On or about March 11, 2017, within the Eastern District of Missouri, and elsewhere,

**JEREMIAH A. GRAZIANO,**

the defendant herein, with intent to defraud, did counterfeit an obligation of the United States, that is, a falsely made, forged and counterfeited ten dollar Federal Reserve Note, Serial No. JF06078812B,

In violation of Title 18, United States Code, Section 471 and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. The allegations contained in Counts I through III of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 492 and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the offenses in violation of 18 U.S.C. §471, as set forth in Counts I through III of this Indictment, defendant JEREMIAH GRAZIANO shall forfeit to the United States pursuant to Title 18, United States Code, Sections 492 and 982(a)(2)(B) and Title 18, United States Code, Section 2461:

   a. all counterfeits of any coins or obligations or other securities of the United

2

        States or of any foreign government, or any articles, devices, and other things made, possessed, or used in said offense, or any material or apparatus used or fitted, or intended to be used, in the making of such counterfeits, articles, devices, or things; and

    b.    any property constituting, or derived from, proceeds the defendant(s) obtained directly or indirectly, as the result of such violation.

3.    Subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the offenses.

4.    Specific property subject to forfeiture includes, but is not limited to, the following:

    a.    1 Genuine $10.00 Federal Reserve Note (JF06078812B);

    b.    1 genuine $20.00 Federal Reserve Note (MB78776584F);

    c.    1 genuine $20.00 Federal Reserve Note (MK17415803E);

    d.    all forged currency of the genuine Federal Reserve Notes listed above;

    e.    1 Cannon all-in-one printer, model number MX860;

    f.    1 Samsung tablet, serial number R52HC0206RM;

    g.    all other genuine Federal Reserve Notes, not previously mentioned;

    h.    all templates, prints, cut outs, sheets of paper of counterfeit and forged Federal Reserve Notes;

    i.    all genuine identification documents; and

    j.    all counterfeit and forged papers, titles, certificates and identification documents.

5.    If any of the forfeitable property described above, as a result of any act or

3

omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c),

A TRUE BILL.

_____
FOREPERSON

CARRIE COSTANTIN
Acting United States Attorney

_____
GILBERT C. SISON, #52346MO
Assistant United States Attorney